Mr. Billings. Thank you, Your Honor. May I reserve two minutes, Your Honor? Only if you speak up and into the microphone. May I reserve two minutes, Your Honor? Six inches is ideal. Yes, you may. And, Counsel, you can move the microphone up. Good idea. May it please the Court. This appeal presents challenges to findings in the District Court that two of the appellant's prior convictions qualified as predicates under the Armed Career Criminal Act. The first was a New York State offer-to-give conviction that was found by the District Court to be a serious drug offense under Section 924E2A. The second is a Massachusetts assault with a dangerous weapon conviction that was found to be a violent felony under 924E2B. As to the New York offer-to-give conviction first, this offense presents what appears to be an issue that reduces itself to how broadly or narrowly the Court wishes to construe the word involving in 924E2A. Under the provisions that deal with state predicate convictions, an offense must involve conduct that's involving manufacturing, distributing, or possessing with intent to manufacture or distribute. In U.S. v. McKinney, this Court construed that particular word involving in an instance where a state of Rhode Island offense of conspiracy to possess with intent to distribute was the offered predicate. And this Court found that it did qualify as an ACCA predicate. The Court found that the inchoate offenses, conspiracy in particular, was in that case. But that inchoate offense of conspiracy to possess with intent to distribute involved possession with intent and found that the word involving was to be read more broadly than just the elements themselves of manufacturing, distributing, or possessing with intent to manufacture or distribute. So the way New York has defined this offer section, they have said that there has to be an ability and an intent to carry through. An intent and an ability to carry through. Yes, Your Honor, but the intent is conditional because the offense only involves an offer. And it's complete even if there's no acceptance. So in the abstract, an offer may involve somebody's intent to go forward if there's actually an acceptance and some anticipated transaction. There needn't be, elementally. The offense is made out exclusively by the offer, even if it's rejected. And as far as the ability, Your Honor, it doesn't involve possession, which is the underlying gravamen conduct in this serious drug offense definition for state offenses. It must involve manufacturing, distributing, or possession with intent. And under the New York law, it doesn't involve possession. The ability only is a factor that this particular defendant may be able to go out somewhere and acquire the drugs that he's making an offer to give about. So it's materially different than, for example, the crimes under the Controlled Substances Act. Now, I'd like to offer a quote from McKinney, which I believe are your words, Judge Lynch. You said in that case, quote, We had one observation. While the term involving, under 18 U.S.C. 924E2A, is not to be too narrowly read, it's also not to be too broadly read. Not all offenses bearing any sort of relationship with drug manufacturing, distribution, or possession with intent to manufacture or distribute will qualify as predicates under the ACCA. The relationship must not be too remote or tangential. We need not decide today where the line is. We hold only that the relationship between the inchoate offense of conspiracy and its object, its essential purpose, is plainly close enough that a conspiracy to possess with intent to distribute is under the ACCA an offense involving manufacturing, possessing, or possession with intent to distribute. And then that next case always comes up within a few years. And I suggest this is the case, Your Honor. If you look at the definition under the ACCA provision for what federal offenses qualify, that's the provision right above, 924E281, it involves felonies under the Controlled Substances Act that have sentences of at least 10 years. That does involve attempts. It does involve conspiracies. It does involve aiding and abetting any of the offenses. But that, Your Honor, those inchoate offenses that are incorporated into the Controlled Substances Act, this offense is very readily distinguishable. There's a number of citations in our brief to the notion that this offense is not comparable to an attempt. It doesn't involve that substantial step toward completion. I think the Delvecchio case in this circuit involved a conference between two individuals where they met, agreed upon a price, agreed upon a payment, a method of payment, and agreed that they were going to engage in a transaction. But that meeting and that agreement was held not to involve a substantial step and did not make out an attempt. This is even one step short of that because it involves no need to make an agreement. It's just an offer, albeit in good faith, but an offer that could be rejected. Your Honor, I'd move into the second case that we've offered a challenge to, and that's the conviction for an assault with a deadly weapon, a dangerous weapon, under Massachusetts law. And I think that the case presents a tidy little question of logic. You have two methods of committing an assault with a dangerous weapon, ADW. That's an attempted battery or a threatened battery. And you've got two clauses under the residual clause under the violent felony provisions, whether it qualifies under the force clause or qualifies under the residual clause. And I suggest that the only way the appellant can prevail is if there is one form, either attempted battery or threatened battery, that does not qualify under both, even if one form of ADW, the attempted battery form, qualifies under one clause and the threatened battery qualifies under the other. I think the method of completing the crime need only qualify under one of the clauses. So I think the argument for the appellant to win, either of those forms must fail under both clauses. In the attempted battery side of things, Your Honor, there may be an intent to commit the crime, but it only need be an intent to commit that crime with offensive touching. That would make out the offense. Mr. Billings, you're running out of time, and I'd like to give Judge Chiata an opportunity to ask you anything he would like. Certainly. Yes, Your Honor. Thank you. I have no questions, Mr. Billings. Thank you. You've reserved some time. Thank you, Your Honor. Good morning, Your Honors. May it please the Court, Renee Bunker on behalf of the United States from the District of Maine. I, too, will start with the New York offense, as Mr. Billings did briefly, and point out first, consistent with McKinney, consistent with Bryant, and consistent with the Second Circuit's Pasquale opinion addressing the very same statute and the Second Circuit's King opinion, we submit that as Judge Thompson, you went right to it, as New York law defines this offense, it includes the offer to sell component of this offense. It requires that the State show both a bona fide offer to sell and that the defendant intended to commit the drug transaction and had the ability to do so. And with all due respect, I think Mr. Billings properly went to McKinney and Chief Judge Lynch's opinion narrowing the term involving so that it, of course, doesn't mean virtually anything that might touch on the edges of the enumerated offenses. But Mr. Billings has yet to show us one case that has stretched the word involving so as to include the mere possession cases and the misdemeanor crimes he highlights. In fact, to the contrary, the New York cases cited Mike as a good example where the court reversed the conviction because there was insufficient evidence of the ability to consummate the sale. And even though the defendant approached two officers, they dickered a bit whether it was going to be dime bags or 20s. He got into their car. They drove to a building. The officers wouldn't front him the money or go into the building, and therefore the transaction ended. I have yet to see a case offered by the appellant that is a simple rebuffing of an offer as sufficient evidence under the offer to sell. And, in fact, the Samuels evidence in the case we saw and the Atkinson cases also demonstrate how much more evidence is required. And I would just point out that the substantial step, like an overact, is not required here, but the Delvecchio case that appellants seem to think is binding First Circuit precedent isn't from the First Circuit. It's the Second Circuit. And that case, this circuit in Dworkin, explicitly rejected both distinguished on the facts and the law in terms of that Delvecchio case. So we would submit that's not the proper test, and it's something more akin to the model penal code, which this court has adopted. And here, in light of how the New York has defined those elements as a bona fide offer with intent to commit the transaction and the ability to do so, that necessarily incorporates some preparation and is sufficient here. With that, I'll move on to the second predicate. And we have two stand-alone claims here, of course, the Elements Clause and the Residual Clause. I will touch just briefly on the Elements Clause and maintain that, and this court's post-Champachack opinion that both Chief Judge Lynch and you, Judge Thompson, were on that opinion, that the court should find, given how Massachusetts defines this weapon, dangerous weapon, as either a weapon designed to cause death or serious bodily injury, or when, as used by the defendant, is capable of causing serious bodily injury. In light of the other elements that I'll go over in a moment, it should still continue to qualify as an attempted or threatened use of force. And that's particularly appropriate in light of what the Massachusetts courts have done. In Clark, for instance, very similar, almost identical analysis of the Massachusetts recidivist statute that defines use of physical force as requiring violent force capable of causing pain or injury, and held there that under that law, any attempted use or threatened use of physical force causing that degree of risk of injury qualifies as an attempted or threatened use of physical force. What do we do with Judge Kayada's decision in U.S. v. Fish? Yes, I reread that opinion, and it arguably creates an anomaly where the court has held that assault and battery with a dangerous weapon does not qualify as, has as an element of use of force. With that, just a couple of points, that Congress clearly included the inchoate offenses of attempted and threatened use of physical force. Johnson did not address either dangerous weapons or these inchoate crimes, and in fact suggested, when suggesting what might qualify, cited to Black's dictionary and suggested that assault and battery with a deadly weapon would qualify, and I would just also point the court to the Burke opinion where the Massachusetts SJC indicated that consent is not a defense to assault and battery with a deadly weapon because that crime necessarily poses a serious risk of physical injury and therefore a harmful type battery, not the offensive touching type battery. So with that, the easier way to resolve this case is, of course... Perhaps. Perhaps. So when is the Supreme Court argument on the vagueness of the residual clause? I don't know the date of the argument, Your Honor. I obviously read the briefs, and our first position is that it is waived, but for obvious reasons the appellant has raised it in light of the supplemental briefing order. We would maintain that this Court's, I think it's Hart, Kerrigan, and Dancy, that precedent remains binding, as does Sykes and James. Well, it does until the Court rules on this case, and then maybe it does and maybe it doesn't. Well, I mean Sykes, the Supreme Court itself has Sykes and James, wherein the Court rejected the argument that the residual clause was unconstitutionally vague, and so we would submit that unless and until the Supreme Court reverses its own precedent, that is what should govern. I'm just curious, what are the arguments before the Supreme Court in favor of vagueness? In favor of lack of vagueness? No, I've asked you your opponent's argument, not yours. I think the opponent's argument cites to various cases and just the litany of litigation that has surrounded this, the government's argument, from my review of the brief, is that numerous times the Supreme Court itself has held that this is a manageable criteria, as this Court has also discussed, that this is a manageable risk assessment used in, in fact the word involving is used in these substantial risk, significant risk, et cetera, is used in multiple other statutes, and that the Supreme Court should find that it is not unconstitutionally vague. Well, thank you for reading the tea leaves for me. Do you have anything further? Yes. Without, of course, conceding that ultimately the residual clause argument, in addition to our force clause argument, is, of course, an extension of Hart, where the Court found that the assault by means of a dangerous weapon, I'm sorry, assault and battery by means of a dangerous weapon necessarily created a serious potential risk of injury to another. And so we submit that, again, as defined here, we have attempted battery, where the defendant had to intend to commit the battery by means of a dangerous weapon and took some overt step towards doing that and came reasonably close to doing it. The threatened battery assault, of course, is that the defendant engaged in objectively menacing conduct with the intent to instill in the victim a fear of an imminent battery. So we have not only a higher mens rea, but we submit, given the way those elements are defined, a threatened, as explained by Burke, the highest court in Massachusetts, that that's a threatened harmful battery. And with that, we'll submit. Thank you. Judge Kayada, do you have any questions? Yes. I'm not sure, counsel, I'm not sure I understand what the government's argument is for us not waiting several months to see what the Supreme Court's decision is on the vagueness challenge that it sought briefing on. I apologize, Judge Kayada and Chief Judge Jones, that's not the argument I was making. I think it might be a wise decision, given that supplemental briefing is pending. That wasn't the leap. I probably misspoke if I intimated that. The difference here is a 10-year sentence and a 15-year sentence, so we have plenty of time to wait. Absolutely. I didn't mean by any means to indicate that that wouldn't be an appropriate procedure. Okay. Judge Kayada, anything further? No, thank you. Okay. Thank you. Well, Mr. Billings, start there. Do you have any objection if we were to choose to wait and see what the Supreme Court does? No, I would encourage that, Your Honor. I believe that the argument is scheduled for April 30th. I can tell the court that all the briefing is complete, and it's either the 20th or the 30th. It's near the end of April. Your Honor, the cases that have been cited by the government, the King case from New York, that was an attempt to possess drugs. It was clearly an attempt. The Pascal case, the Pascal v. Holder, involved an aggravated felony under the immigration law, and it made reference to Title 802 under Section 21 that had a definition of what a drug trafficking felony was and involved any restriction on conduct related to narcotics. So those cases involve statutes that are very much different than the offer to sell. I think the best guidance comes from Davila v. Holder, which held that the offer to sell offense under New York was not an offense under the Controlled Substances Act because it was not the equivalent of an attempt. So I think that's the case that's more on point in our situation. Your Honor, the Amn case came down before the Johnson decision, and it really didn't have the benefit of what the quality of force needs to be in an assault and battery or an assault that was given from that case. When it decided that Massachusetts ADW was a crime of violence under the force clause, we now know that the quality of force must be violent force, and the offensive touching just simply doesn't cut it. And I think both under Fish and even Hart indicated that Hart didn't even attempt to qualify at ABDW. That's, you know, from a judge's point of view, that's not a very good argument. We very often have to make choices among different grounds. That we choose one ground doesn't mean we've rejected another when we've said nothing about the other. But thank you. Thank you, Your Honor. Thank you both.